IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:18-cv-00198-BRW |
| | ) | |
| STERLING INFOSYSTEMS, INC., | ) | |
| STERLING INFOSYSTEMS - OHIO, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

**Defendants Sterling Infosystems, Inc. and Sterling Infosystems - Ohio, Inc.**[1]

(collectively, "Sterling" or "Defendant"), hereby submits its Answer and Affirmative and Other

Defenses to Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

### COMPLAINT ¶1:

Plaintiff brings this action under the laws of the United States of America, in particular; 15 U.S. Code § 1681 et seq. Likewise, Plaintiff brings this action under the common law of the State of Arkansas, and against any and all of the herein named Defendants.

### ANSWER:

Sterling admits that Plaintiff purports to bring this action under the Fair Credit Reporting

Act, 15 U.S.C. § 1681, et seq. ("FCRA") and Arkansas law.  Sterling denies any remaining

allegations in Paragraph 1 of the Complaint, or that it engaged in any wrongdoing.

### COMPLAINT ¶2:

Jurisdiction and venue are proper with this Court.

---

[1]     As of December 31, 2017, Sterling Infosystems-Ohio, Inc. no longer exists as a separate legal or business entity, as it has merged with and into Sterling Infosystems, Inc.

**ANSWER:**

Sterling denies that jurisdiction is proper in this venue because Plaintiff's claims are

time-barred, and specifically denies that it engaged in any wrongdoing or committed any

violation of the FCRA or Arkansas law.

## PARTIES

**COMPLAINT ¶3:**

The Plaintiff, Donald Stephens, (at times hereinafter referred to as "Mr. Stephens" or "Stephens") is a resident of the State of Arkansas, residing in Pulaski County, Arkansas.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 3 of the Complaint; to the extent an answer

is required Sterling denies the allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Defendant, Sterling Infosystems, Inc., (at times hereinafter referred to as "Sterling") is a foreign corporation registered under the laws of the State of Delaware.  The causes of action made part of this suit arise from this Defendant's actions directed to Little Rock, Pulaski County, Arkansas.

**ANSWER:**

Sterling admits that Sterling Infosystems, Inc. is incorporated in the State of Delaware.

Sterling denies the remaining allegations in Paragraph 4.

**COMPLAINT ¶5:**

Defendant, Sterling Infosystems - Ohio, Inc., (at times hereinafter referred to as "Sterling") is a domestic corporation, organized under the laws of the State of Arkansas.  The causes of action made part of this suit arise from this Defendant's actions taken in Little Rock, Pulaski County, Arkansas

47503560v.6

**ANSWER:**

Sterling denies the allegations in Paragraph 5 and avers that as of December 31, 2017,

Sterling Infosystems-Ohio, Inc. no longer exists as a separate legal or business entity, as it has

merged with and into Sterling Infosystems, Inc.

**COMPLAINT ¶6:**

Whenever the term "Defendants" is utilized within this suit without a modifier, such term collectively refers to and includes all named Defendants in this lawsuit.

**ANSWER:**

Paragraph 6 of the Complaint consists of legal definitions and conclusions and, therefore,

no answer is required.  To the extent an answer is required, Sterling denies the allegations in

Paragraph 6 of the Complaint, and specifically denies that it engaged in any wrongdoing or any

violation of the FCRA or any other law.

**COMPLAINT ¶7:**

Whenever the term "Sterling Defendants" is used in this lawsuit, such term refers collectively to Sterling Infosystems, Inc. and Sterling Infosystems - Ohio, Inc., any entity that was involved in any of the transactions or events mentioned in this lawsuit and acted as an agent of Sterling Infosystems, Inc. and Sterling Infosystems - Ohio, Inc., and any current or former employee, officer, or director of Sterling Infosystems, Inc. and Sterling Infosystems - Ohio, Inc., who was involved in any of the transactions or events mentioned in this lawsuit.

**ANSWER:**

Paragraph 7 of the Complaint consists of legal definitions and conclusions and, therefore,

no answer is required.  To the extent an answer is required, Sterling denies the allegations in

Paragraph 7 of the Complaint, and specifically denies that it engaged in any wrongdoing or any

violation of the FCRA or any other law.

**COMPLAINT ¶8:**

At all times relevant hereto, Defendants acted deliberately, maliciously and in deliberate disregard of Plaintiff's rights under the laws of the United States and the State of Arkansas.

47503560v.6

**ANSWER:**

Sterling denies the allegations in Paragraph 8 of the Complaint.

## NATURE OF CAUSES OF ACTION

**COMPLAINT ¶9:**

This Complaint states causes of action to recover compensatory and punitive damages against Defendants resulting from their violation of the Fair Credit Reporting Act and the laws of the State of Arkansas.

**ANSWER:**

Sterling admits that Plaintiff purports to bring this action under the FCRA and Arkansas law. Sterling denies any remaining allegations in Paragraph 9 of the Complaint, or that it engaged in any wrongdoing.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶10:**

Plaintiff incorporates all of the allegations contained in Paragraphs 1 - 9.

**ANSWER:**

Sterling incorporates all of its responses to the allegations contained in Paragraphs 1 - 9.

**COMPLAINT ¶11:**

During the months of September through October of the year 2015, Defendants produced and published to a prospective employer of Mr. Stephens false information about Mr. Stephens' criminal history and drug test.

**ANSWER:**

Sterling admits that, on or about September 29, 2015, it prepared and sold a consumer report to North Point Auto Group relating to Plaintiff. Sterling denies the remaining allegations of Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Defendants' report contained statements asserting that the information was, "published in accordance with federal and AR state laws."

**ANSWER:**

Sterling states that the referenced "report" is the best evidence of its contents, and

Sterling denies any allegations in Paragraph 12 of the Complaint that are inconsistent therewith.

Sterling denies the remaining allegations of Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Although the report asserted that it complied with state and federal laws, it provided wholly inaccurate information to Stephens' prospective employer in violation of Arkansas laws and federal laws.

**ANSWER:**

Sterling denies the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Mr. Stephens interaction with the Defendant began after he Stephens was offered employment with North Point Auto Group in North Little Rock, Arkansas, in September 2015.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form

a belief as to the truth of the allegations concerning Plaintiff's interactions with North Point Auto

Group in Paragraph 14 of the Complaint.  Sterling admits that, on or about September 29, 2015,

it prepared and sold a consumer report to North Point Auto Group relating to Plaintiff.  Sterling

denies the remaining allegations of Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

That offer of employment was conditioned on Mr. Stephens submitting to and passing a drug screening and passing a background check.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 15 of the Complaint; to the extent an

answer is required Sterling denies the allegations in Paragraph 15 of the Complaint.

47503560v.6

**COMPLAINT ¶16:**

On September 15, 2015, Stephens was told to submit to a drug screening.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 16 of the Complaint; to the extent an

answer is required, Sterling denies the allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Mr. Stephens submitted to the drug screening on September 15, 2015, at approximately
1:55 pm, at LabCorp, 500 South University Avenue, Suite 704, Little Rock, Arkansas.

**ANSWER:**

Sterling denies the allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

After that, Stephens awaited the results of his background check report.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 18 of the Complaint; to the extent an

answer is required, Sterling denies the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

In mid-October 2015, Stephens received a letter from North Point Auto Group, dated
October 9, 2015, asserting that information contained in a consumer report would prevent the
company from employing Stephens if that information is accurate.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form

a belief as to the truth of the allegations concerning Plaintiff's interactions with North Point Auto

Group in Paragraph 19 of the Complaint.  Sterling states that the referenced "letter" is the best

evidence of its contents, and Sterling denies any allegations in Paragraph 19 of the Complaint

that are inconsistent therewith.  Sterling admits that on or about October 9, 2015, a letter was

sent to Plaintiff advising him of a potential adverse action based on the contents of his consumer

report.  Sterling denies the remaining allegations of Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

That consumer report was drafted and presented to North Point Auto Group by the
Defendants in this case, Sterling Infosystems, Inc. and Sterling Infosystems - Ohio, Inc.

**ANSWER:**

Sterling admits that, on or about September 29, 2015, it prepared and sold a consumer

report to North Point Auto Group relating to Plaintiff.  Sterling denies the remaining allegations

of Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

The report at issue contained numerous gross errors and false statements.

**ANSWER:**

Sterling denies the allegations of Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Defendants reported to Stephens' potential employer false statement indicating that he
had been convicted of several crimes, including Criminal Mischief and Battery.

**ANSWER:**

Sterling admits that, on or about September 29, 2015, it prepared and sold a consumer

report to North Point Auto Group relating to Plaintiff.  Sterling states that the referenced "report"

is the best evidence of its contents, and Sterling denies any allegations in Paragraph 22 of the

Complaint that are inconsistent therewith.  Sterling denies the remaining allegations of Paragraph

22 of the Complaint.

**COMPLAINT ¶23:**

Defendants also reported false statements that Stephens "failed to provide a specimen at
the designated collection site prior to this drug test registration's expiration date."

**ANSWER:**

Sterling admits that, on or about September 29, 2015, it prepared and sold a consumer report to North Point Auto Group relating to Plaintiff. Sterling states that the referenced "report" is the best evidence of its contents, and Sterling denies any allegations in Paragraph 23 of the Complaint that are inconsistent therewith. Sterling denies the remaining allegations of Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Defendants also stated that report contained "ADVERSE' findings.

**ANSWER:**

Sterling denies the allegations of Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Shortly thereafter, Mr. Stephens contacted Sterling Defendants and disputed the errors.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form a belief as what Plaintiff means by "Shortly thereafter." Sterling admits that Plaintiff disputed the contents of the consumer report. Sterling denies the remaining allegations of Paragraph 25 of the Complaint

**COMPLAINT ¶26:**

Stephens also contacted authorities in Leon County, Florida, where Defendants said Stephens committed the criminal offenses. Stephens had never resided in Leon County, Florida, and he had never visited any place in Leon County, Florida.

**ANSWER:**

Upon reasonable inquiry, Sterling is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint; to the extent an answer is required, Sterling denies the allegations in Paragraph 26 of the Complaint.

47503560v.6

**COMPLAINT ¶27:**

Defendants made the false assertion in their report that criminal records would have been included only if there was an exact match between the Plaintiff's full name and date of birth and the full name and date of birth in the court record.

**ANSWER:**

Sterling admits that, on or about September 29, 2015, it prepared and sold a consumer report to North Point Auto Group relating to Plaintiff. Sterling states that the referenced "report" is the best evidence of its contents, and Sterling denies any allegations in Paragraph 27 of the Complaint that are inconsistent therewith. Sterling denies the remaining allegations of Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

There was not an exact match between the Plaintiff's full name and date of birth and the full name and date of birth in any court record in Florida.

**ANSWER:**

Sterling admits the allegations of Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Notwithstanding Defendants' assertions, there were manifest differences between the Plaintiff's record and the information reported by Defendants:

a. The full name provided for the Plaintiff in the report was Donald Lee Stephens. Yet, the middle name of a Donald Stephens in Leon County, Florida, who had a criminal record was not Lee.

b. The Plaintiff has a different date of birth from the Donald Stephens in Leon County, Florida, who had a criminal record.

c. The Plaintiff has never resided in the State of Florida, and nothing in public records indicated that he had ever resided in the State of Florida.

d. The Plaintiff and his family resided in the State of Arkansas, which is a significant distance away from Leon County, Florida.

e. The Plaintiff had timely completed the requested drug screening, and the drug screening company reported such to the Defendants.

**ANSWER:**

Sterling admits that, on or about September 29, 2015, it prepared and sold a consumer report to North Point Auto Group relating to Plaintiff.  Sterling states that the referenced "report" is the best evidence of its contents, and Sterling denies any allegations in Paragraph 29 of the Complaint that are inconsistent therewith.  Sterling denies the remaining allegations of Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

The defamatory statements made by Defendants caused North Point Auto Group to withdraw the job offer they had previously extended to Mr. Stephens.

**ANSWER:**

Sterling denies the allegations of Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

After Stephens disputed the information, Defendants updated some information but still provided wholly inaccurate information to his prospective employer.

**ANSWER:**

Sterling admits that Plaintiff disputed certain information contained in the September 29, 2015 consumer report, and that on or about October 19, 2015, Sterling prepared an amended consumer report to North Point Auto Group relating to Plaintiff.  Sterling denies the remaining allegations of Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Between the dates of October 16 and Monday, October 26, 2015, the Plaintiff received a letter informing him that an offer for employment would not be made at that time.  The letter further stated that the decision was based "in whole or in part" on information provided by Sterling Defendants.

**ANSWER:**

Sterling states that the referenced "letter" is the best evidence of its contents, and Sterling denies any allegations in Paragraph 32 of the Complaint that are inconsistent therewith.  Sterling

admits that on or about October 16, 2015, a letter was sent to Plaintiff advising him of adverse action based on the contents of his consumer report.  Sterling denies the remaining allegations of Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

The letter further stated that Stephens may dispute the report within sixty days.

**ANSWER:**

Sterling states that the referenced "letter" is the best evidence of its contents, and Sterling denies any allegations in Paragraph 33 of the Complaint that are inconsistent therewith.

**COMPLAINT ¶34:**

Sterling Defendants' failures violated 15 U.S. Code § 1681 et seq.

**ANSWER:**

Sterling denies the allegations of Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Sterling Defendants' conduct also violated Arkansas state laws.

**ANSWER:**

Sterling denies the allegations of Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Sterling Defendants assumed a duty to comply with Arkansas laws when they made the statement to Stephens' potential employer and to Stephens that the report at issue did indeed comply with Arkansas state laws.

**ANSWER:**

Sterling denies the allegations of Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

By that statement that they would comply with Arkansas laws, Sterling Defendants expressed an intent to waive any preemption of state laws expressed in 15 U.S. Code § 1681 et seq.

47503560v.6

**ANSWER:**

Sterling denies the allegations of Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Alternatively, by those statements, Sterling Defendants assumed a duty to take actions that were in conformity with Arkansas state laws, and they assumed a duty to act within a standard of care that can be judge by those laws.

**ANSWER:**

Sterling denies the allegations of Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Additionally, those statements were intended to create reliance by North Point Auto Group and the Plaintiff.

**ANSWER:**

Sterling denies the allegations of Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

As a direct and proximate result of Defendants' actions, the Plaintiff suffered injuries including, but not limited to, the following:

a.      Lost employment opportunity;

b.      Lost wages;

c.      Undue stress;

d.      Undue embarrassment; and

e.      Other economic damages.

**ANSWER:**

Sterling denies the allegations of Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Defendants are vicariously liable for the acts and omissions of all persons or entities under its control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals or agencies causing or contributing to the injuries of the Plaintiff.

47503560v.6

**ANSWER:**

Sterling denies the allegations of Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

The Plaintiff prays for all compensatory and punitive damages against Defendants, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, and all of the relief to which Plaintiff is entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

**ANSWER:**

Paragraph 42 of the Complaint consists of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Sterling denies the allegations in Paragraph 42 of the Complaint, and specifically denies that it engaged in any wrongdoing or any violation of the FCRA or any other law.

**COMPLAINT ¶43:**

Plaintiff is entitled to his costs of litigation, as well as attorneys' fees.

**ANSWER:**

Sterling denies the allegations of Paragraph 43 of the Complaint.

**VIOLATION OF THE FCRA**

**COMPLAINT ¶44:**

Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 43 as set forth word for word.

**ANSWER:**

Sterling re-alleges and incorporates its responses to all the allegations contained in Paragraphs 1 – 43 as set forth word for word.

**COMPLAINT ¶45:**

Sterling Defendants' actions violated provisions of 15 U.S. Code § 1681 et seq.

47503560v.6

**ANSWER:**

Sterling denies the allegations of Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

These violations include, but are not limited to, violations of 15 U.S. Code § 1681e(a) and (b).

**ANSWER:**

Sterling denies the allegations of Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

When compiling the information and preparing the report at issue in this case, each Sterling Defendant failed to follow reasonable procedures to assure maximum possible accuracy of its reports.

**ANSWER:**

Sterling denies the allegations of Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

Accordingly, (1) the consumer report at issue in this case contains inaccurate information; and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy of the consumer report.

**ANSWER:**

Sterling denies the allegations of Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Some of the reasons Sterling Defendants' failed to follow reasonable procedures is that they failed to implement a way for glaring inaccuracies and inconsistent information, which were present in this case, to prompt a closer review of the information.

**ANSWER:**

Sterling denies the allegations of Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Because of Sterling Defendants' size, expertise, available technology, and financial resources, these Defendants could have implemented and followed procedures that would have

47503560v.6

prevented the false reporting of information in this case, which included conspicuous inaccuracies and patently inconsistent information.

**ANSWER:**

Sterling denies the allegations of Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

These violations also include, but are not limited to, violations of 15 U.S. Code § 1681c(2).

**ANSWER:**

Sterling denies the allegations of Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

Violations by Sterling Defendants also include, but are not limited to, violations of 15 U.S. Code § 1681i.

**ANSWER:**

Sterling denies the allegations of Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

The facts herein demonstrate that (1) The Plaintiff disputed the accuracy of an item in the report at issue in this case; (2) Sterling Defendants failed to conduct a reasonable reinvestigation; and (3) a reasonable reinvestigation could have uncovered the inaccuracy.

**ANSWER:**

Sterling denies the allegations of Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

Sterling Defendants continued to report inaccurate information after Stephens disputed the information.

**ANSWER:**

Sterling denies the allegations of Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Sterling Defendants had long been aware of their failures to follow applicable laws prior to and at the time of their compilation of the report at issue in this case.

47503560v.6

**ANSWER:**

Sterling denies the allegations of Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

Sterling Defendants knew that the failures described in this section and in the factual allegations in this Complaint had in the past led to the publication of false and defamatory information that injured consumers, like Mr. Stephens.  Likewise, these Defendants knew that, at the time they compiled and generated the report at issue here, their systematic failures would probably cause the publication of defamatory information about numerous consumer, like Mr. Stephens.

**ANSWER:**

Sterling denies the allegations of Paragraph 56 of the Complaint.

**COMPLAINT ¶57:**

Although Defendants had been notified about, and were aware of, the past injuries to consumers as well as the imminent risk of harm to more consumers, Defendants continued their course of conduct in intentional and conscious disregard for the rights of consumers and the likely injury to those consumers' reputations or economic wellbeing.

**ANSWER:**

Sterling denies the allegations of Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

Defendants' intentional failure to maintain procedures that would prevent the dissemination of false information as it occurred in this case was driven by their pursuit to maximize profits at the expense of providing the resources needed to comply with applicable laws.

**ANSWER:**

Sterling denies the allegations of Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

As a direct and proximate result of such willful, wanton, reckless, or intentional conduct, Plaintiff prays for all compensatory and punitive damages against Defendants, including, but not limited to, the injuries described elsewhere in this Complaint, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, and all of the relief to which Plaintiff is entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

47503560v.6

**ANSWER:**

Paragraph 59 of the Complaint consists of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Sterling denies the allegations in Paragraph 59 of the Complaint, and specifically denies that it engaged in any wrongdoing or any violation of the FCRA or any other law.

**COMPLAINT ¶60:**

All injuries and damages complained of herein were foreseeable and proximately resulted from the conduct of the Defendants.

**ANSWER:**

Sterling denies the allegations of Paragraph 60 of the Complaint.

**STATE LAW CLAIMS**
**DEFAMATION**

**COMPLAINT ¶61:**

Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 - 60 as set forth word for word.

**ANSWER:**

Sterling re-alleges and incorporates its responses to all of the allegations contained in Paragraphs 1 - 60 as set forth word for word.

**COMPLAINT ¶62:**

Sterling Defendants' intentional failure to maintain procedures that would prevent the dissemination of false information as it occurred in this case was driven by their pursuit to maximize profits at the expense of providing the resources needed to comply with applicable laws is evidence of malice.

**ANSWER:**

Sterling denies the allegations of Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

The false statements made by Sterling Defendants described in this Complaint were understood to likely humiliate, defame, cause undue emotional distress, and otherwise cause unnecessary expense to the Plaintiff.

**ANSWER:**

Sterling denies the allegations of Paragraph 63 of the Complaint.

**COMPLAINT ¶64:**

As a direct and proximate result of such willful, wanton, reckless, or intentional conduct, Plaintiff prays for all compensatory and punitive damages against Sterling Defendants, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, and all of the relief to which Plaintiff is entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

**ANSWER:**

Paragraph 64 of the Complaint consists of legal conclusions and, therefore, no answer is

required.  To the extent an answer is required, Sterling denies the allegations in Paragraph 64 of

the Complaint, and specifically denies that it engaged in any wrongdoing or any violation of the

FCRA or any other law.

**COMPLAINT ¶65:**

All of the injuries and damages complained of herein were foreseeable and proximately resulted from the conduct of these Defendants.

**ANSWER:**

Sterling denies the allegations of Paragraph 65 of the Complaint.

**VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT
AR CODE § 4-88-101**

**COMPLAINT ¶66:**

Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 65 as set forth word for word.

47503560v.6

**ANSWER:**

Sterling re-alleges and incorporates its responses to all of the allegations contained in

Paragraphs 1 - 65 as set forth word for word.

**COMPLAINT ¶67:**

The Arkansas Deceptive Trade Practices Act, AR Code § 4-88-101 et seq. proscribes the following, among other things:

a.   Engaging in any unconscionable, false, or deceptive act or practice in business, commerce, or trade;

b.   Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services;

c.   The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission.

**ANSWER:**

Paragraph 67 of the Complaint consists of legal conclusions and, therefore, no answer is

required.  To the extent an answer is required, Sterling denies the allegations in Paragraph 67 of

the Complaint, and specifically denies that it engaged in any wrongdoing or any violation of the

FCRA or any other law.

**COMPLAINT ¶68:**

In this case, Defendants made false representations about characteristics of the documents they produced, stating that the report was "published in accordance with federal and AR state laws" and that criminal history information would not be included unless there was an exact match between the Plaintiff's full name and date of birth and the full name and date of birth in the court record.  Sterling Defendants knew that their systems would produce reports that were inconsistent with those statements.  These Defendants further knew that the Plaintiff and North Point would rely on those statements.

**ANSWER:**

Sterling denies the allegations of Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

Sterling Defendants made those statements to improve their perceived credibility, although they knew that their systems were inadequate to comply with those statements.

**ANSWER:**

Sterling denies the allegations of Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

As a direct and proximate result of such willful, wanton, reckless, or intentional conduct, Plaintiff prays for all statutory, compensatory and punitive damages against Sterling Defendants, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, and all of the relief to which Plaintiff is entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

**ANSWER:**

Paragraph 70 of the Complaint consists of legal conclusions and, therefore, no answer is

required.  To the extent an answer is required, Sterling denies the allegations in Paragraph 70 of

the Complaint, and specifically denies that it engaged in any wrongdoing or any violation of the

FCRA or any other law.

**COMPLAINT ¶71:**

All of the injuries and damages complained of herein were foreseeable and proximately resulted from the conduct of these Defendants.

**ANSWER:**

Sterling denies the allegations of Paragraph 71 of the Complaint.

**JURY TRIAL DEMANDED**

**COMPLAINT ¶72:**

The Plaintiff hereby demands a jury trial on all factual issues.

**ANSWER:**

Paragraph 72 of the Complaint consists entirely of a jury demand, and therefore no answer is required.  To the extent an answer is required, Sterling admits that Plaintiff purports to demand a trial by jury.  Sterling denies any remaining allegations in Paragraph 72.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

To the extent Plaintiff's claims are based on acts that occurred or accrued prior to any applicable statute of limitations, such claims are time-barred.

### THIRD DEFENSE

Plaintiff's state law claims are preempted by the FCRA.

### FOURTH DEFENSE

At no time was express statutory preemption of the FCRA waived by Sterling.

### FIFTH DEFENSE

At no time did Sterling assume any duty or obligation beyond that which is required by applicable law.

### SIXTH DEFENSE

Sterling followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in any consumer reports relating to him and otherwise made good faith efforts to comply with the FCRA.

47503560v.6

### SEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because Sterling's reading of its obligations under the FCRA is objectively reasonable.

### EIGHTH DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

### NINTH DEFENSE

Any damages sustained by Plaintiff were not proximately caused by Sterling.

### TENTH DEFENSE

Plaintiff was not denied employment or otherwise received any adverse employment action as a result of any action by Sterling.

WHEREFORE, Sterling requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, and that Sterling be awarded its costs and any other relief that the Court deems just and proper.

**DATED:  July 10, 2018**

47503560v.6

Respectfully submitted,

Elizabeth Robben Murray (Ark. Bar #79244)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone:  (501) 370-1534
Facsimile:  (501) 376-3476
E-mail:  Murray@fridayfirm.com

Pamela Q. Devata (*Pro hac vice*)
Robert T. Szyba (*Pro hac vice*)

Attorneys for Sterling Infosystems, Inc.;
Sterling Infosystems – Ohio, Inc.

By: */s/ Elizabeth Robben Murray*
        Elizabeth Robben Murray

## CERTIFICATE OF SERVICE

I, Elizabeth Robben Murray, certify that on this 10th day of July, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following CM/ECF user:

Maximillan R. X. Sprinkle
frontdesk@sprinklefirm.com

By: */s/ Elizabeth Robben Murray*
        Elizabeth Robben Murray

47503560v.6